UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL THOMAS (B-65390), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16 C 8718 |
| | ) |
| DR. ALMA MARTIJA, M.D., | ) Judge Rebecca R. Pallmeyer |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Michael Thomas, an inmate at Stateville Correctional Center (Stateville) brought this *pro se* 42 U.S.C. § 1983 action against several parties, alleging he was housed under unconstitutional conditions of confinement and that officials were deliberately indifferent to his serious medical needs. The court granted summary judgment in favor of Wexford Health Sources, Inc. (Wexford), and Plaintiff reached a settlement with the correctional defendants related to his conditions-of-confinement claim. Dr. Alma Martija, the sole remaining Defendant, now moves for summary judgment on Plaintiff's deliberate-indifference claim. As explained here, the motion is granted.

### DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). In determining "whether there is a genuine issue for trial," *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014), the court reviews record materials submitted by the moving party. Rule 56(c)(1). Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The court considers the parties' submissions generously, and will "construe all facts and draw all reasonable inferences in favor of the

nonmoving party." *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In this case, consistent with the court's Local Rules, Defendant Martija filed a Local Rule 56.1(a)(3) statement of undisputed facts [142], citing supporting evidentiary material in the record. *See* N.D. Ill. L.R. 56.1(a). Also as required, Defendant provided Plaintiff with the Local Rule 56.2 Notice [143], describing the requirements of Local Rule 56.1. Plaintiff Thomas responded to each of Defendant's proposed statements of fact but did not submit any additional statements of fact in support of his opposition to the motion. In some instances, Plaintiff's responses to Defendant's proposed statements of fact are non-responsive; for example, in response to Defendant's proposed statement that Plaintiff was seen by Dr. Martija on April 30, 2015 and voiced no complaints, Plaintiff responds by asserting that he filed a grievance on March 3, 2015. (Plaintiff's Local Rule 56.1(b)(3) Statement [145] ¶ 25.)

Although *pro se* plaintiffs are entitled to lenient standards, the court does require compliance with procedural rules. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). Facts set forth in Defendant's Local Rule 56.1(a)(3) statements to which Plaintiff did not effectively respond are deemed admitted to the extent they are supported by evidence in the record. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880, 884 (7th Cir. 2012). The court has considered the factual assertions Plaintiff makes in his responses, but only to the extent he has pointed to evidence in the record or could properly testify himself about the matters asserted. In any event, most of the material facts in this case are undisputed, as described below.

## **FACTS**

Plaintiff is in custody of the Illinois Department of Corrections and is housed at Stateville Correctional Center. Defendant's Rule 56.1 Statement [142] ¶ 1. Defendant Dr. Martija was a physician employed by Wexford at Stateville from July 2014 through July 2016. *Id.* ¶¶ 2, 8.

Plaintiff was seen by Dr. Martija on July 29, 2014 and again on December 9, 2014, in the HTN (hypertension)/Cardiac Chronic Clinic. *Id.* ¶¶ 23, 24. At the December visit, Dr. Martija referred Plaintiff to Dr. Obaisi, the Statevillle medical director, for treatment "relative to his BPH (prostate)."[1] *Id.* When Plaintiff next saw Dr. Martija, on April 30, 2014, she noted that he had no complaints and that he would receive an HIV test. *Id.* at ¶ 25. Plaintiff was in fact tested for HIV on May 13, 2015, with negative results. *Id.* at ¶ 26. Dr. Matija saw Plaintiff again on May 28, 2015. *Id.* at ¶ 27. Her notes refer to Plaintiff's negative test results for HIV and to Plaintiff's request to be tested for Hepatitis. *Id.* Dr. Martija saw Plaintiff on June 3, 2015, for a follow-up on his BPH. *Id.* at ¶ 28. Two days later, on June 5, 2015, Plaintiff was tested for Hepatitis A, B, and C. *Id.* at ¶ 29. He tested positive for Hepatitis A and B, and negative for Hepatitis C. *Id.*

Between September 2015 and February 2016, Plaintiff made three requests for copies of his medical records. *Id.* ¶ 30. On November 10, 2015, he did receive five pages of his medical records, consisting of lab test results from May to November 2015. *Id.* ¶ 31. Plaintiff saw Dr. Obaisi on November 18, 2015. *Id.* ¶ 31. He saw Dr. Martija again on January 22, 2016, in connection with his request for a low bunk permit to accommodate a hand injury. *Id.* at ¶ 33. Dr. Martija had no further encounters with Plaintiff. *Id.*

---

[1] BPH, or benign prostatic hyperplasia (prostate gland enlargement) is a common condition in older men. https://www.mayoclinic.org/diseases-conditions/benign-prostatic-hyperplasia/symptoms-causes/syc-20370087 (last visited June 14, 2020).

3

**DISCUSSION**

As noted earlier, this court granted summary judgment on Plaintiff's claims against Wexford. He settled with several other Defendants. What remains of this case is Plaintiff's allegation that Dr. Martija refused to give him test results or conduct any additional medical tests. Amended Complaint [31, 148], at pg. 9. Plaintiff now concedes that he did receive an HIV test and Hepatitis screen, but argues that Dr. Martija was deliberately indifferent to his health and safety by not discussing the results with him or providing treatment for Hepatitis B. Plaintiff's Memorandum of Law [146], at 3-4.

"Prison officials violate the Eighth Amendments proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To state a claim based on deliberate indifference, an inmate must first show that "his medical condition is 'objectively, sufficiently serious.'" *Greeno*, 414 F.3d at 652 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). He must then show that prison officials were deliberately indifferent to that condition. *Id.* (quoting *Farmer*, 511 U.S. at 834) (citation and quotation marks omitted). The concept of deliberate indifference encompasses the refusal of effective treatment, *Fields v. Smith*, 653 F.3d 550, 556 (7th Cir. 2011), knowing delay of treatment to the point that an injury is exacerbated or pain is unnecessarily prolonged, *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010), and erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards, *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016). It should be noted, however, that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle*, 429 U.S. at 106; *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Likewise, inmates are not constitutionally entitled either to "demand specific care" or even to receive the "best care possible." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011).

To establish that Dr. Martija was deliberately indifferent to his serious medical condition on the basis of her alleged delay in testing or treatment, Plaintiff would have to present verifying medical evidence that the delay detrimentally affected him. *See Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996); *Cole v. Lemke*, No. 16 C 7845, 2019 WL 1227787, at *4 (N.D. Ill. March 15, 2019); *Hartstein v. Pollman*, No. 13 C 1232, 2016 WL 2996851, at *2 (S.D. Ill. May 25, 2016).

The parties do not dispute that Hepatitis B is a serious medical issue. Dr. Martija has not established that Plaintiff immediately received his test results, nor has she offered evidence of treatment, if any, Plaintiff received during the six-month time period between Plaintiff's Hepatitis testing and the last time she treated him. Plaintiff himself, however, offers no basis for a finding that the delay in receipt of his test results (assuming Dr. Martija is at fault for this delay), or any delay in treatment for his conditions caused any detriment to him. Instead, Plaintiff merely argues that it is obvious that he should have received some type of treatment for Hepatitis B, and urges the court to "[t]hink of the psychological pain" he suffered wondering if he had Hepatitis. (Plaintiff's Memorandum [146], at pgs 3-4.) But even assuming Plaintiff should have received some treatment earlier, he does not offer evidence of any harm as a result of the delay. *See Cole*, 2019 WL 1227787, at *4 (granting summary judgment to doctor because plaintiff failed to provide verifying medical evidence that a delay in diagnosing and treating pneumonia caused detriment to him); *Hartstein*, 2016 WL, at *2-3 (finding no deliberate indifference in year-long delay of receiving a mammogram); *Gomez v. Snyder*, No. 03 C 2084, 2008 WL 4491949, at *12 (C.D. Ill. Sept. 30, 2008) (granting summary judgment as plaintiff failed to demonstrate any harm from a delay in diagnosis and treatment of back and ankle issues). And the psychological pain Plaintiff reportedly suffered by itself does not support recovery; the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Summary judgment is granted in favor of Dr. Martija.

## **CONCLUSION**

Dr. Martija's motion for summary judgment [140] is granted. Judgment shall issue in favor of Dr. Martija. This case is dismissed with prejudice.

ENTER:

Dated: June 15, 2020

_____
REBECCA R. PALLMEYER
United States District Judge